# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Atlantic Yacht Basin, Inc.

v.

Jonathan Paul Grimm

Case No. CL08-1064

Jonathan Paul Grimm
and Erin Grimm

v.

Atlantic Yacht Basin, Inc.

Case No. CL08-1079

November 9, 2009

BY JUDGE RANDALL D. SMITH

This matter is before the Court on the Grimmses' Motion to Quash the Deposition of State Farm's Marine Surveyor, Richard Geisel. The Court has considered the arguments made at the hearing on October 21, 2009, as well as the brief and case law submitted. At this time, the Court stands ready to rule.

Many of the facts in this case are not at issue. The parties agree that, on September 7, 2007, the yacht owned by the Grimmses, the M/Y *Resolute*, sank while at Atlantic Yacht Basin's boatyard ("AYB"). On September 13, 2007, Richard Geisel was sent by State Farm Fire & Casualty Insurance Company, the Grimmses' subrogated insurer, to inspect the yacht. He was accompanied on his survey by James Taylor, a representative of Atlantic Yacht Basin. Atlantic Yacht Basin also hired its own surveyor to inspect the yacht. This was done by William Coker, III, on September 11, 2007. The M/Y *Resolute* then

remained at AYB until August of 2008. AYB filed a suit in May of 2008 to recover damages for the fees for docking the *Resolute* and for repairs as agreed to under a contract between the parties prior to the sinking. The Grimmses filed a suit the same day containing counts for rescission of the contract, breach of contract, breach of warranty, and breach of bailment.

The issue that is currently before the Court is whether AYB may take the deposition of Giesel or whether he is a non-testifying expert under the Rule of the Supreme Court of Virginia 4:1(b)(4)(B) and thus there must be "exceptional circumstances."

AYB argues that Giesel is a fact witness and that his survey was not done in anticipation of litigation as State Farm had first-party coverage. The Grimmses argue that Giesel is an expert who was hired to evaluate the damage to the vessel by State Farm in its capacity as subrogee.

The Virginia Supreme Court Rule 4:1(b)(4)(B) states:

> A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only upon showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

This rule applies only when an expert has been retained or specially employed in anticipation of litigation, but the expert is not set to testify at the trial. In order to overcome the rule, the party desiring to learn the expert's facts or opinions must demonstrate "exceptional circumstances" that justify allowing such discovery. Typically, an opposing party may discover facts known or opinions held by a non-testifying expert as these are not privileged and work product. However, any further information, such as a non-testifying expert's report, is privileged and cannot be obtained absent exceptional circumstances. *See* Thomas E. Spahn, *The Work Product Doctrine: A Practitioner's Guide*, § 8.405 (2007).

Atlantic Yacht Basin argues that they are allowed to depose Giesel because he was not retained in anticipation of litigation due to the fact that State Farm is a "first-party" insurance provider. The Circuit Court of Fairfax addressed this issue in a motor accident case by stating that, "[i]n the case of first-party liability, the insurer has a duty to investigate, thus any investigation fulfills this investigatory duty in the ordinary course of business." *Lopez v. Woolever*, 62 Va. Cir. 198 (Fairfax County 2003). The Court distinguished

this from "third-party" or liability insurance, in which an insured person is involved in an incident "reasonably giving rise to liability" and so "the liability insurer has an incentive to investigate the circumstances surrounding the occurrence in order to fulfill its obligation. . . ." *Id.* The Grimmses, in contrast, argue that State Farm is a third-party insurer, and thus any survey done by Giesel is protected as work product by an expert.

However, the Court in *Lopez* also noted that "determination of whether the investigation was performed in the first-party liability or third-party liability context is not dispositive." *Id.* Therefore, it is the responsibility of the Court to analyze the circumstances in conjunction with the requirements of Rule 4:1(b). In *Smith v. National R.R. Passenger Corp.*, 22 Va. Cir. 348 (1991), the Court considered the meaning of "in anticipation of litigation" in the context of Rule 4:1(b)(3). In that case, the judge distinguished between materials prepared in the ordinary course of business and those prepared in anticipation of trial. In analyzing this, the Court utilized a "reasonable person" standard, stating that anticipation of litigation "does not mean that the litigation must be immediate, nor need there be knowledge that an attorney has been hired or has threatened suit." *Id.* at 352.

In this case, the M/Y *Resolute* was moored to a pier owned by AYB when it sank on September 7, 2007. Given that the ship was at AYB for repairs that had just been completed, as alleged in both parties' complaints, a reasonable person would foresee that State Farm would send an expert surveyor to the vessel in anticipation that litigation would occur either as subrogee against AYB or to defend a suit brought by the Grimmses if payment was denied. Therefore, Giesel is a non-testifying expert acting in this capacity in anticipation of litigation.

Under Rule 4:1(b)(4)(B), the party desiring information from the expert must make a showing of "exceptional circumstances" justifying the discovery. AYB has made no such showing in this case. AYB had its own surveyor inspect the vessel earlier in the same week, on September 11, 2007, and, further, when Giesel performed his survey, he was accompanied by a representative of AYB. Therefore, the Motion to Quash the subpoena and deposition of Richard Giesel is granted.